These cases show that the demise may be enlarged, but none go so far as to show that the description of the thing demanded may be altered. If it could a defendant might be at a great expense in preparing to defend his title to one tract of land, and afterwards be forced to go through the same process as to another, and for a third, and so on ad infinitum. For if it is proper to alter the petitum in the first instance, why should it not be done afterwards as often as the plaintiff pleases? If after the institution of the action the defendant sells that part not included in the declaration, and then an amendment is permitted which will include it, the purchaser having acquired the land pendente lite, will be bound by the decision, though no party to (466) it. The amendment would be of little service to the plaintiff, as it would be required of him to pay all the costs up to this time. However, it suffices to say there is no precedent in the books for such an amendment. The petitum cannot be amended. The Court thought a day or two ago that possibly it might be amended under the act of 1790, ch. 3, sec. 9, but upon consideration we think that act does not extend to this case. It has been decided that under that act all such matters of form may be amended except such as are specially demurred to, and that where a special demurrer was not proper as to the matter, no amendment could be made. In ejectment there can be no special demurrer on account of the form, for the defendant is admitted upon terms which preclude it; yet such irregularities as in other actions might be proper subjects for a special demurrer shall in this be amended; otherwise, the ejectment, which is a liberal action, would be in a worse situation than any other. Special demurrers do not lie for not demanding the thing intended to be demanded in any action; that omission makes a substantial defect in the declaration, not a mere formal one. It cannot be amended in a point so material, any more than a demand of a horse in detinue or replevin could be altered to that of an ox.
So the amendment was refused.
See Cowper v. Edwards, ante, 19. *Page 373